The NATIONAL CITY BANK OF DENVER, N.A., Plaintiff-Appellee,

v.

Donald SATHER, Defendant-Appellee,

and

C. Eugene Hutcheson, Defendant-Appellant.

No. 81CA1004.

Colorado Court of Appeals, Div. III.

Dec. 29, 1983.

Machol and Machol, P.C., Jacques A. Machol, III, Carole O'Brien, Denver, for plaintiff-appellee.

A.A. Lee Hegner, Denver, for defendant-appellee.

Law Offices of John M. Franks, John M. Franks, Denver, for defendant-appellant.

TURSI, Judge.

C. Eugene Hutcheson appeals the judgment of the trial court which effectively held him principally liable on a promissory note held by the National City Bank of Denver (Bank). We affirm.

Hutcheson submitted an application to the Bank for the purpose of obtaining a $25,000 loan. The application was denied by the Bank; however, it approved the loan upon obtaining the signatures of both Hutcheson and Donald Sather. Sather, manager of Hutcheson's campaign for United States Congress, was known by the Bank because of previous dealings. Hutcheson exercised sole control over the use of the funds. He distributed $4,000 of the loan proceeds to Sather as salary for services rendered as campaign manager, and $2,300 to a partnership, in which Sather was a general partner, in satisfaction of services rendered to the campaign. The note went unpaid and the Bank brought this action for the principal and interest due on the note.

The trial court entered judgment on the note for principal, interest, and attorney's fees against both makers, but, pursuant to

cross-claims filed against one another, entered judgment in favor of Sather against Hutcheson for the amount of the judgment.

Hutcheson contends that the trial court erred in entering judgment in favor of Sather on his cross-claim for the amount of the judgment entered on the note. Hutcheson also contends that the trial court erred in dismissing his cross-claim against Sather for the amount of loan proceeds received by him personally and through the partnership of which he was a general partner. We find no merit in either of these contentions.

In reaching its decision, the trial court found that the loan proceeds were intended solely for the use of Hutcheson to retire campaign debts and to aid his transition back into the business world. Hutcheson sought the aid of Sather in obtaining the loan only after his original application had been denied by the Bank. The loan proceeds were utilized by Hutcheson for personal financial purposes, including the retirement of the campaign debts. The trial court's findings are supported in the record and therefore will not be disturbed on review. *Page v. Clark*, 197 Colo. 306, 592 P.2d 792 (1979).

The facts support the conclusion of the trial court that Hutcheson is principally liable on the note, thus entitling Sather to indemnity from Hutcheson for all sums paid on the judgment. *See Restatement of Restitution* § 76 comment b. *See also* 10 S. *Williston, Contracts* § 1274 (W. Jaegger 3d ed. 1967). Satisfaction of the debts held by Sather and his partnership does not support a set-off as the funds were distributed by Hutcheson at his discretion and for his benefit. Therefore, the trial court did not err in denying Hutcheson's cross-claim.

Hutcheson's final contention is that the $1,230 in attorney's fees awarded to the Bank in the judgment on the note was neither contractually nor statutorily authorized. Hutcheson does not dispute the reasonableness of the sum awarded.

Attorney's fees are not an allowable cost of litigation in the absence of stat-utory or contractual authority to the contrary. *Denver Building & Construction Trades Council v. Shore*, 132 Colo. 187, 287 P.2d 267 (1955). The promissory note contains the following provision:

"If the holder enforces this note as provided by the Colorado Uniform Commercial Code or the Colorado Uniform Consumer Credit Code, as amended, maker or any other signor shall pay or reimburse the holder for (A) reasonable expenses incurred in realizing on any security therefor and (B) to pay all other reasonable expenses, with or without suit, including a reasonable attorney's fee, as provided by the Colorado statutes."

The provision echoes the language contained in §§ 5-3-404 and 5-3-604, C.R.S. 1973, of the Colorado Uniform Consumer Credit Code. The provision is plain and unambiguous. It does not refer to a statutory attorney's fee, but rather is a contractual authorization for such recovery. The trial court awarded reasonable attorney's fees pursuant to this contractual authorization; therefore, there is no error.

The judgment of the trial court is affirmed.

STERNBERG and BABCOCK, JJ., concur.